JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-00422-RGK-DTB | Date | May 20, 2025 |
|---|---|---|---|
| Title | *Fares Al Eyani v. Pam Bondi et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Re: Respondents' Motion to Dismiss [DE 18]**

## I.     INTRODUCTION

On February 14, 2025, Fares Al Eyani ("Petitioner") filed a Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief against Attorney General Pam Bondi, the U.S. Department of Justice, Department of Homeland Security ("DHS") Secretary Kristi Noem, DHS, Warden of the Adelanto Detention Facility F. Semaia, and Immigration and Customs Enforcement Field Office Director Andrew Quinones (collectively, "Respondents"). (ECF No. 1.)

Presently before the Court is Respondents' Motion to Dismiss. (ECF No. 18.) For the following reasons, the Court **GRANTS** the Motion.

## II.     FACTUAL BACKGROUND

Petitioner, a lawful permanent resident, was charged with removability upon his release from a twelve-month sentence for conspiracy, attempt, and aiding and abetting to unlawfully export defense articles in violation of the Arms Export Control Act and the International Traffic in Arms Regulations. After DHS detained him pending removal proceedings, Petitioner sought review of DHS' custody determination by an immigration judge. At the hearing, the immigration judge issued a finding that he could not review DHS' custody determination because Petitioner was an alien charged as removable under 8 U.S.C. § 1227(a)(4)(A)(i), and according to 8 C.F.R. § 1003.19(h)(2)(i)(C), an immigration judge may not redetermine conditions of custody imposed by DHS with respect to that class of aliens. The immigration judge denied bond. Petitioner is still in custody.

## III.     DISCUSSION

Petitioner seeks: (1) a writ of habeas corpus directing Respondents to provide him with a bond hearing, and (2) an injunction enjoining Respondents from continuing to detain him based on 8 C.F.R. § 1003.19(h)(2)(i)(C). He alleges his continued detention violates the Due Process Clause of the Fifth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00422-RGK-DTB | Date | May 20, 2025 |
|---|---|---|---|
| Title | ***Fares Al Eyani v. Pam Bondi et al.*** | | |

Amendment and the Administrative Procedures Act ("APA"). Respondents argue that Petitioner's challenges to his continued detention without a bond hearing are not correctly brought in a habeas petition and must be dismissed. The Court agrees with Respondents.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The power of a federal habeas court 'lies to enforce the right of personal liberty.' As such, a habeas court 'has the power to release' a prisoner, but 'has no other power[.]'" *Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) (citation omitted); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement.").

Here, Petitioner's premise is that 8 U.S.C. § 1226(a), a statute, *permits* an immigration judge to release him, so 8 C.F.R. § 1003.19(h)(2)(i)(C), a regulation, cannot contradict it by stating that an immigration judge may not. Thus, "a finding by this Court that 8 C.F.R. § 1003.19(h)(2)(i)(C) cannot be applied to Petitioner . . . would require the [i]mmigration [j]udge to conduct a bond hearing . . . which *may* result in Petitioner's release from custody." (Opp'n at 7, ECF No. 22 (emphasis added).) In other words, "a favorable determination on this petition *may*, *in time*, lead to a change in Petitioner's custody status." (*Id.* (emphasis added).)

Petitioner does not seek a "simple release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). He recognizes that the best the Court could do if he was successful here is order that an immigration judge hear his case for release from custody. But at that point, whether to release him would be up to the discretion of the immigration judge. *See* 8 C.F.R. § 236.1(d)(1) (noting that an immigration judge may exercise the authority to release an alien as provided for in 8 U.S.C. § 1226). Thus, "because success on [Petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [his] claim does not fall within 'the core of habeas corpus'" and must be dismissed. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)).

Respondents further argue that to the extent Petitioner asserts claims for injunctive relief under the APA or the Due Process Clause, the Court should dismiss those claims as improperly raised in habeas. They suggest Petitioner should not be able to proceed with these claims having paid solely the $5 fee for habeas petitions, as opposed to the $405 fee applicable for civil complaints. *See Trollope v. Vaughn*, 2018 WL 3913922, at *3 (C.D. Cal. Aug. 13, 2018); *Jorgenson v. Spearman*, 2016 WL 2996942 at *1 (C.D. Cal. May 22, 2016). Notably, Petitioner does not respond to this argument. The Court agrees that allowing Petitioner to proceed without paying the appropriate filing fee is improper.

Accordingly, the Court **GRANTS** the Motion and **DISMISSES** this action in its entirety.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-00422-RGK-DTB | Date | May 20, 2025 |
|---|---|---|---|
| Title | *Fares Al Eyani v. Pam Bondi et al.* | | |

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **DISMISSES** this action in its entirety.

**IT IS SO ORDERED.**

_____  :  _____

Initials of Preparer            mal/aa